*E-Filed 1/4/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA G. ATIENZA AND CLOUDALDO A. ATIENZA, | No. C 10-03457 RS |
| Plaintiffs, | **ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Southwest, N.A., F/K/A Wachovia Mortgage FSB, F/K/A World Savings Bank; REGIONAL TRUSTEE SERVICES CORPORATION; and DOES 1-100, inclusive, | |
| Defendants. | |

I.  INTRODUCTION

Plaintiffs Alicia and Cloudaldo Atienza filed suit in San Francisco Superior Court to enjoin the foreclosure sale of their home by defendants Wells Fargo Bank, N.A. (Wells Fargo) and Regional Trustee Services Corporation (RTSC).  Wells Fargo removed the case to this Court based on diversity jurisdiction.  Plaintiffs thereafter filed their first amended complaint, which raises claims for negligence per se and violation of California's Unfair Competition Law (UCL).  Wells Fargo, joined by RTSC, moves to dismiss the amended complaint for failure to state a claim.  The Court heard oral argument on the motion to dismiss on October 28, 2010.  Separately, plaintiffs filed

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

a motion to remand, which is suitable for disposition without oral argument pursuant to Local Civil Rule 7-1(b).  For the reasons stated below, the motion to remand is denied and the motion to dismiss is granted with leave to amend.

## II.  BACKGROUND

In 2006, plaintiffs refinanced the mortgage on their San Francisco home through a $2,120,000 loan obtained from World Savings Bank.  World Savings Bank changed its name to Wachovia Mortgage and subsequently was acquired by Wells Fargo Bank.  During 2009, plaintiffs experienced difficulty making their mortgage payments and on February 16, 2010, RTSC recorded a notice of default (NOD).  Six days after the NOD, on February 22, 2010, a substitution of trustee was executed naming RTSC as the successor trustee.  In April 2010, the substitution was mailed to plaintiffs.  On May 17, 2010, both the substitution and a notice of sale (NOS) were recorded. According to plaintiffs, the substitution failed to include an affidavit attesting that proper notice was provided.  Based on the fact that the NOD was recorded before the substitution was executed and the allegedly missing affidavit, plaintiffs contend that defendants violated various California Civil Code sections governing the substitution of a trustee.  The alleged violations form the basis of plaintiffs' negligence per se and UCL claims.

## III.  LEGAL STANDARD

A.   Motion to Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy.  *See* 28 U.S.C. §§ 1331, 1332.  Courts strictly construe the removal statute against finding jurisdiction and the defendant bears the burden of establishing the basis for removal.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).  Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**United States District Court**
For the Northern District of California

1   B.      Motion to Dismiss

2           Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain

3   statement of the claim" demonstrating that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

4   If this standard is not met, the defendant may move to dismiss for failure to state a claim upon

5   which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), dismissal is appropriate

6   if either the claimant does not raise a cognizable legal theory or otherwise fails to allege sufficient

7   facts to support a cognizable claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

8   1988).  Thus, while a legally sufficient complaint does not require "detailed factual allegations," it

9   must contain more than "unadorned" assertions of harm or bare legal conclusions without factual

10  support.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

11  U.S. 544, 570 (2007)).  In evaluating a Rule 12(b)(6) motion to dismiss, all material allegations in

12  the complaint are accepted as true and construed in the light most favorable to the non-moving

13  party.  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

14                                IV.  DISCUSSION

15  A.      Plaintiffs' Motion to Remand

16          Plaintiffs contend that complete diversity is absent because both they and Wells Fargo are

17  citizens of California and thus move to remand for lack of subject matter jurisdiction.  In support,

18  they rely on the general rule that a corporation is a citizen of the state in which it is incorporated and

19  the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Congress,

20  however, specifically provided that citizenship of a national banking association is determined by

21  the state in which the association is "located."  *See* 28 U.S.C. § 1348.  ("All national banking

22  associations shall, for the purposes of all [except certain specified actions] by or against them, be

23  deemed citizens of the States in which they are respectively located.").  Moreover, this Court has

24  held that a national bank is located in the state where it maintains its main office as provided in its

25  articles of incorporation.  *See Peralta v. Countrywide Home Loans, Inc.*, No. C 09-3288 PJH, 2009

26  U.S. Dist. LEXIS 112387, at *14-15 (N.D. Cal. Nov. 16, 2009); *DeLeon v. Wells Fargo Bank, N.A.*,

27  No. C 10-01390 JF (HRL), 2010 U.S. Dist. LEXIS 62499, at *10-11 (N.D. Cal. June 9, 2010); *Phat*

28

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*, No. C 10-4081 EDL, 2010 U.S. Dist. LEXIS 113246, *13 (N.D. Cal. Oct. 25, 2010).

As defendants argue and plaintiffs do not refute, Wells Fargo Bank, N.A., the entity sued by plaintiffs, is a national banking association with its designated main office located in South Dakota. Plaintiffs, however, contend that the corporate headquarters for Wells Fargo & Company, the parent company of defendant Wells Fargo, serves "in actuality" as the main office for Wells Fargo.  In essence, plaintiffs are requesting that the Court apply a principal place of business test to determine where a national banking association is located.  That precise argument has previously been considered and rejected by other decisions from this district.  *See*, *e.g.*, *DeLeon*, 2010 U.S. Dist. LEXIS 62499, at * 10 (declining "invitation to apply a principal place of business test").  Thus, Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.  Additionally, plaintiffs do not contest that defendant RTSC is a citizen of Washington, nor that the amount in controversy exceeds $75,000.  Accordingly, removal jurisdiction based on diversity of citizenship is proper and the motion to remand is denied.

B.     Requirement to Tender Outstanding Indebtedness

As an initial matter, defendants claim that plaintiffs are not entitled to equitable relief because their complaint fails to include a viable tender of their outstanding indebtedness.  Where the equitable relief sought includes rescission of the deed of trust, courts have considered a tender offer necessary to state a valid claim for contract rescission under California law.  *See*, *e.g.*, *Davenport v. Litton Loan Servicing, LP*, No. C 10-0679 RS, 2010 U.S. Dist. LEXIS 71561, at *33 (N.D. Cal. July 16, 2010) (citations omitted).  Although plaintiffs claim that the current foreclosure proceeding is void based on the issuance of a NOD by RTSC without proper authority, they do not clearly seek permanently to enjoin defendants from foreclosing or to rescind the deed of trust.  Therefore, the Court need not dismiss plaintiffs' complaint at this stage for failure to tender.

C.     Negligence Per Se

In claim one, plaintiffs allege that defendants' failure to comply with California Civil Code sections 2934a(c), 2934a(d), and 2924 constitutes negligence per se.  Section 2934a establishes procedures for the substitution of a trustee under a deed of trust for real property.  Although not

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

raised by plaintiffs, section 2934a(b) provides that if the substitution is executed prior to or concurrently with the recording of a NOD, then notice of the substitution must be mailed on or before that recordation date.  Under section 2923a(c), if the substitution is executed after the NOD has been recorded, but before recording the NOS, then notice of the substitution must be mailed on or before the recording of the NOS.  Under either provision, mailing of the notice of substitution must include an affidavit attesting that it was provided to all persons to whom the NOD must be sent in the manner specified within section 2924b.  Finally, section 2934a(d) states that the trustee named in the substitution is authorized to act "from the date the substitution is executed."

Plaintiffs contend that the pending foreclosure is invalid because the substitution of RTSC as trustee was executed after the NOD was recorded.  Furthermore, notice of the substitution was mailed after the NOD was recorded and allegedly without a proper affidavit.  These allegations, however, are insufficient to constitute negligence per se for a number of reasons.  Plaintiffs argue that under section 2934a(c), notice of the substitution of trustee must be mailed prior to or concurrently with recording the NOD.  As stated above, section 2934a(c) allows notice of substitution to occur prior to or concurrently with recording the notice of *sale*.

In this case, the notice of substitution of trustee was mailed to plaintiffs in April 2010 and it was recorded on May 17, 2010, the same day the NOS was recorded.  Plaintiffs may intend to invoke section 2934a(b) when they insist that the notice of substitution should have been sent by the time the NOD was recorded.  While not stated expressly, they may be arguing that if RTSC was acting as the trustee when it issued the NOD, then the substitution presumably was executed prior to the recording of the NOD.  In that case, section 2934a(b) provides that the notice of substitution should have been sent prior to or concurrently with the recording of the NOD, as plaintiffs assert.  At the same time, however, plaintiffs argue that RTSC was not authorized to issue the NOD, because the substitution of trustee was not executed until six days later.  In that circumstance, plaintiffs' argument for how defendants violated section 2934a(c) is unclear.  Furthermore, in another seeming contradiction, plaintiffs aver that RTSC acted "at all times" as an agent for Wells Fargo.  A NOD may be issued, however, not just by the trustee, but also by the mortgagee, beneficiary, or any of their authorized agents.  *See* § 2924(a)(1).  Thus plaintiffs' conclusion that

United States District Court

For the Northern District of California

RTSC was unauthorized to issue the NOD is undermined by their own assertion of an agency relationship.

Separately, plaintiffs allege that "no affidavit indicating proper notice" was attached to the substitution. In Wells Fargo's motion to dismiss, it maintains that the affidavit, in fact, was present.[1] In their Opposition, plaintiffs do not squarely address this contention, but merely repeat that defendants violated section 2924 and generally aver that Wells Fargo has submitted documents to the Court that are "suspect." Thus, it is unclear whether plaintiffs are alleging that they never received an affidavit. Instead, plaintiffs may be contending that the affidavit falsely attests to "proper" notice because of defendants' putative failure to follow the requirements of section 2934a(c). Additionally, although plaintiffs claim that defendants violated section 2924, that provision is merely incorporated by sections 2934a(b) and 2934a(c) to specify the list of parties to whom notice of the substitution must be provided. Instead, it is sections 2934a(b) and 2934a(c) that impose the requirement of notice of substitution with the accompanying affidavit.

Plaintiffs belatedly add allegations in their Opposition that defendants violated an additional statute. Section 2923.5 requires the lender to contact the borrower either in person or by telephone to discuss options for avoiding foreclosure. Plaintiffs assert that Wells Fargo never contacted them and therefore "the NOD and entire foreclosure are void" on this basis. The NOD, however, includes an affidavit by Wells Fargo that it tried with due diligence to contact the borrower as required by section 2923.5(g). Plaintiffs introduce a news story reporting that a Wells Fargo Vice President admitted he did not verify foreclosure documents before signing them. Based on this report, plaintiffs argue that defendants' affidavits attesting compliance with both sections 2924b and 2923.5 should be questioned. The section 2923.5 allegations, however, do not form part of plaintiffs' complaint and, therefore, are not subject to the present motion to dismiss.

Finally, and most significantly, plaintiffs fail to aver that they were prejudiced by the fact that the substitution of trustee was executed six days after the notice of default was recorded. With

---

[1]     Wells Fargo requests the Court take judicial notice of the substitution of trustee including the affidavit attesting proper notice was provided, as well as a number of other documents. Because plaintiffs fail to state a claim regardless of the information provided in the documents, the Court need not reach the issue and therefore denies the request as moot.

respect to the affidavit, plaintiffs do not contend that they did not receive the notice of trustee

substitution in April 2010 or that they were prejudiced by the alleged missing, or alternately faulty,

affidavit.  As this Court has held, an improper procedure alone is insufficient to overcome the

presumption of propriety of a non-judicial foreclosure sale; a plaintiff must also demonstrate

resulting prejudice.  *See Davenport*, 2010 U.S. Dist. LEXIS 71561, *24 (citing *Knapp v. Doherty*,

123 Cal. App. 4th 76, 86 n.4, (2004)); *see also Lawther v. OneWest Bank*, No. C 10-0054 RS, 2010

U.S. Dist. LEXIS 131090, at *15 (N.D. Cal. Nov. 30, 2010) (emphasizing that, in a negligence per

se claim, plaintiffs must provide allegations that the statutory violation itself, not just the pending

foreclosure, is the cause of injury).  In sum, plaintiffs fail sufficiently to allege any violation of

sections 2934a(c), 2934a(d), or 2924 or any injury from the accused conduct.  Thus, plaintiffs'

negligence per se claim is dismissed with leave to amend.

D.  UCL

Plaintiffs' second claim alleges violation of California's UCL.  Cal. Bus. & Prof. Code §

17200 *et seq.*  The UCL prohibits business practices or acts that are fraudulent, unlawful, or unfair.

§ 17200.  In this case, plaintiffs assert that defendants' "unlawful acts" provide the basis of their

UCL claim.  Under the "unlawful" prong of the UCL, the violation of almost any federal, state, or

local law constitutes an unlawful business practice independently actionable under state law.

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  The predicate

unlawful acts in plaintiffs' UCL claim are the same alleged violations of California Civil Code

sections 2934a(c), 2934a(d), and 2924 raised in claim one.  As stated above, however, plaintiffs'

allegations are insufficient to state a claim under these sections.  Additionally, plaintiffs must again

allege injury in fact from the unlawful business acts.  While plaintiffs certainly may suffer loss from

the potential foreclosure of their home, in order to state a UCL claim, they must include allegations

of loss of money or property caused by the unfair practice itself.  Cal. Bus. & Prof. Code § 17204.

Therefore, claim two is dismissed with leave to amend.

E.  Home Owners' Loan Act (HOLA)

Separate from their arguments on the merits, defendants assert that HOLA preempts

plaintiffs' state law claims.  *See* 12 U.S.C. § 1461 *et seq*.  Wells Fargo's predecessor, World Savings

United States District Court

For the Northern District of California

Bank, was a federal savings bank organized under HOLA at the time plaintiffs obtained their mortgage. Pursuant to HOLA, Congress delegated authority to the Office of Thrift Supervision and provided that it "completely occupies the field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). Accordingly, the Ninth Circuit has described HOLA and its associated regulations as "so pervasive as to leave no room for state regulatory control." *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (internal quotation marks and citation omitted). In this case, plaintiffs' claims primarily rely on alleged violations of statutes governing trustee substitution and notice of substitution. According to defendants, these claims are preempted on the grounds that HOLA displaces state law relating to the "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See* 12 C.F.R. § 560.2(b)(10). In support of defendants' position, this Court has held that a claim for failure to comply with the foreclosure avoidance requirements of section 2923.5 is preempted. *See*, *e.g.*, *Giordano v. Wachovia Mortgage, FSB*, No. C 10-04661 JF, 2010 U.S. Dist. LEXIS 136284, at *14 (N.D. Cal. December 14, 2010). As discussed above, plaintiffs misstate the substitution of trustee and notice requirements with the result, not only that they fail to state a claim, but that it is also unclear which claims they attempt to state. Thus, while federal preemption may ultimately apply to some potential claims, dismissing Wells Fargo from any possible negligence per se or UCL claim is unwarranted given the uncertain scope of plaintiffs' pleading as presently constituted. Depending upon the particular contours of any amended pleading, Wells Fargo may renew its preemption argument if applicable.

V. CONCLUSION

Plaintiffs' motion to remand the case to San Francisco Superior Court is denied. Defendants' motion to dismiss the complaint is granted with leave to amend. Plaintiffs must file any amended complaint within 20 days of the date of this order.

IT IS SO ORDERED.

Dated:  1/4/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California