***E-Filed 3/7/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA G. ATIENZA AND<br>CLOUDALDO A. ATIENZA,<br><br>          Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Southwest, N.A., F/K/A Wachovia Mortgage FSB, F/K/A World Savings Bank; REGIONAL TRUSTEE SERVICES CORPORATION; and DOES 1-100, inclusive,<br><br>          Defendants.<br>_____ / | No. C 10-03457 RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.  BACKGROUND

Plaintiffs Alicia and Cloudaldo Atienza filed suit against defendants Wells Fargo Bank, N.A. (Wells Fargo) and Regional Trustee Service Corporation (RTSC) seeking to enjoin the potential foreclosure sale of their home.  They allege that defendants failed to comply with the requirements of California's non-judicial foreclosure statutes governing the substitution of trustees and notice of substitution.  On January 4, 2011, the Court granted defendants' motion to dismiss plaintiff's first amended complaint for failure to state a claim.[1]  Plaintiffs were granted leave to file a second amended complaint (SAC).  Wells Fargo now moves to dismiss the SAC and RTSC joins in the

---

[1] *See Atienza v. Wells Fargo Bank, N.A.*, No. C 10-03457 RS, 2011 U.S. Dist. LEXIS 1738 (N.D. Cal. Jan. 4, 2011).

motion. Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument. For the reasons stated below, defendants' motion to dismiss is granted without leave to amend.

According to the SAC, plaintiffs fell behind on their mortgage loan during 2009 and RTSC subsequently recorded a notice of default (NOD). Although plaintiffs' SAC and Opposition state that RTSC issued a NOD on June 1, 2010, the NOD attached to their complaint and referenced therein shows a date of February 16, 2010. Moreover, consistent with their first amended complaint, plaintiffs' SAC complains that the NOD was recorded six days prior to the substitution of trustee, which was executed by Wells Fargo on February 22, 2010.[2] Thereafter, plaintiffs received notice of the substitution of trustee, but they contend that it did not include an affidavit attesting that it was properly served on all parties as required by statute. On May 17, 2010, RTSC recorded a notice of sale (NOS). Based on these allegations, plaintiffs advance two claims for relief: negligence per se and violation of California's Unfair Competition Law (UCL).

## II. DISCUSSION

A complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). If this standard is not met, the defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), dismissal is appropriate if either the claimant does not raise a cognizable legal theory or otherwise fails to allege sufficient facts to support a cognizable claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, while a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). While leave to amend is generally granted liberally, if amendment would

---

[2]  Accordingly, plaintiffs' references to June 1, 2010 as the date the NOD was recorded are assumed to be in error.

be futile, then dismissal without leave to amend is within the court's discretion. *See*, *e.g.*, *Saul v. United States*, 928 F.2d 828, 843 (9th Cir. 1991).

In their first claim, plaintiffs contend that defendants' violations of California Civil Code sections 2924, 2934a(c) and 2934a(d) constitute negligence per se. Section 2934a(c) requires that a notice of substitution of trustee that is executed after a NOD and before a NOS must be mailed on or before the recording of the NOS. The mailing of the notice of substitution must include an affidavit stating that it was mailed to all persons to whom the NOD must be sent as provided in section 2924b. *See* Cal. Civ. Code § 2924a(c). In this case, plaintiffs claim that defendants violated section 2924a(c) by failing to mail the required affidavit. They do not dispute defendants' contention that the recorded substitution includes an affidavit; they claim only that the affidavit was not included in what they received. Furthermore, section 2924a(d) provides that a trustee named in a substitution is deemed authorized to act as of the date of substitution, so long as it is recorded. According to plaintiffs, defendants' alleged failure to attach the affidavit in the copy sent to them renders the substitution of trustee invalid. They claim, therefore, that RTSC is not authorized to act and the NOS recorded by it is void.

Plaintiffs' negligence per se claim was previously dismissed because they failed to specify the particular conduct that allegedly violated provisions governing substitution of trustees. At this point, plaintiffs have clarified that their claim relates to an allegation that the notice of substitution they received did not include the required affidavit. In its prior Order, however, the Court also indicated that "most significantly" plaintiffs failed to aver that they suffered any injury from the alleged defects in the substitution of trustee or notice of substitution. *Atienza*, 2011 U.S. Dist. LEXIS 1738, at *12. While a statutory violation may constitute evidence of a breach of due care, a plaintiff alleging negligence per se still must aver injury proximately caused by the violation. *See Lawther v. Onewest Bank*, No. C 10-0054 RS, 2010 U.S. Dist. LEXIS 131090, at *9 (N.D. Cal. Nov. 30, 2010). Despite being granted leave to amend, plaintiffs have added no allegations that defendants' purported statutory violations, as opposed to the potential foreclosure itself, is the cause of any injury. For instance, plaintiffs expressly claim that they never received the affidavit, but they

do not contend inadequate notice of the substitution or harm in any manner by the allegedly missing affidavit. Therefore, plaintiffs' negligence per se claim is dismissed without leave to amend.

In their second claim, plaintiffs argue that defendants engaged in unfair acts and practices in violation of California's UCL. *See* Cal. Bus. & Prof. Code § 17200. Under the UCL, "unfair competition" is broadly defined to include "any unlawful, unfair or fraudulent business act or practice." *Id.* Plaintiffs rely on the same allegations raised in Claim One, namely that defendants' alleged violations of California Civil Code sections 2924, 2934a(c), and 2934a(d) constitute predicate unlawful acts proscribed by the UCL. In its prior Order, the Court dismissed this claim with leave to amend. It specifically instructed plaintiffs that "in order to state a UCL claim, they must include allegations of loss of money or property caused by the unfair practice itself." *Atienza*, 2011 U.S. Dist. LEXIS 1738, at *14 (citing Cal. Bus. & Prof. Code § 17204). Plaintiffs' statement of their claim in the SAC, however, is essentially identical to the one previously dismissed. As they have made no attempt to address the deficiency identified by the Court, further leave to amend is presumptively futile.[3] Therefore, the UCL claim is dismissed without leave to amend.

### III. CONCLUSION

Defendant Wells Fargo's motion to dismiss, in which RTSC joins, is granted without leave to amend.

IT IS SO ORDERED.

Dated: 3/7/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] Defendants raise additional grounds for dismissal of the negligence per se and UCL claims including plaintiffs' failure to tender their outstanding debt. They also argue that the Home Owners' Loan Act serves to preempt these claims. As plaintiffs' complaint fails to incorporate sufficient allegations to state a claim, and the claims are dismissed without leave to amend, these arguments need not be reached.